UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DERRICK SEAN HINES, #345193,

        Petitioner,

v.                                  ACTION NO: 2:08cv102

GENE M. JOHNSON, Director,
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c)(1) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

**A. Background**

Petitioner Derrick Sean Hines ("Hines") was convicted by a jury in the Circuit Court of the City of Richmond for first degree murder, second degree murder, and use of a firearm in commission of both murders. On January 28, 2005, the trial court sentenced Hines to 78 years of imprisonment. Hines appealed his conviction to the Virginia Court of Appeals, and the court denied the petition on September 13, 2005. The Supreme Court of Virginia refused the petition for appeal on January 4, 2006. Hines then filed a habeas corpus petition in the Circuit Court of the City of Richmond, on

October 26, 2006, and the circuit court denied and dismissed the petition on August 10, 2007. Hines noted an appeal to the Supreme Court of Virginia, but the court dismissed his petition on January 22, 2008, for failure to comply with Rule 5:17(c).

Hines, presently in custody of the Virginia Department of Corrections at the Wallens Ridge State Prison in Big Stone Gap, Virginia, filed this Petition for Writ of Habeas Corpus on February 22, 2008. The Respondent filed a Rule 5 Answer and Motion to Dismiss on August 5, 2008. Hines did not file a response, and the deadline for filing a response has expired. Accordingly, this matter is now ripe for adjudication.

**B. Grounds Alleged**

Hines asserts the following entitle him to relief under 28 U.S.C. § 2254:

(a) the jury instructions regarding circumstantial evidence were flawed because they shifted the burden to Hines to prove he was not the killer and interfered with the jury's obligation to determine whether Hines was guilty beyond a reasonable doubt (State Claim A(1));

(b) trial counsel was ineffective because he failed to subpoena Antonio Finnell as a witness (State Claim B);

(c) trial counsel failed to object to "flawed" circumstantial evidence instructions (State Claim A(2));

(d) trial counsel failed to file a pre-trial motion to suppress Hines's statement to the police where the evidence showed he was coerced into making the statement (State Claim D); and

(e) Hines's conviction violates the Due Process Clause of the 14th Amendment, because Hines is innocent (State Claim C).

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Hines's claims are barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .

28 U.S.C. § 2244(d)(1)(A). Hines's conviction became final on April 4, 2006, when the time for filing a certiorari petition to the United States Supreme Court expired. See Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000); Sup. Ct. R. 13(1)(requiring that appeal from highest state court must be filed within 90 days after entry of highest state court's judgment). Thus, Hines's federal habeas petition was due on or before April 4, 2007 (one year from the date his conviction became final), not counting any time tolled while a properly filed state habeas petition stood pending.

Tolling is appropriate for part, but not the entirety, of Hines's attempts to pursue post-conviction relief in the state courts. Hines properly filed his state habeas petition in the Circuit Court of the City of Richmond on October 26, 2006, and the circuit court dismissed the petition on August 10, 2007. Thus, 288 days were tolled, extending the deadline for the federal habeas petition to January 17, 2008. See 28 U.S.C. § 2244(d)(2); see also Hutchinson, 209 F.3d at 327. No time was tolled after August 10, 2007, however, because Hines's petition for appeal to the Virginia Supreme Court was not "properly filed." See 28 U.S.C. § 2244(d)(2)(no time tolled if petition not "properly filed"). Artuz v. Bennett, 531 U.S. 4 (2000). A petition is "*properly* filed when its delivery and acceptance are in compliance with the applicable law and rules governing filings." Artuz, 531 U.S.

3

at 8. See Harris v. Dir., Va. Dep't of Corr., 282 Fed. Appx. 239, 241 (4th Cir. 2008). These filing rules "usually prescribe, for example, *the form of the document*, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz, 531 U.S. at 8 (emphasis added). See Harris, 282 Fed. Appx. at 241. Virginia Supreme Court Rule 5:17(c) prescribes the specific *form* of listing "Assignments of Error," and "[w]ithout such a list and heading, the petition does not meet the required form of the petition for appeal." Christian v. Baskerville, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001). Because Hines's petition to the Virginia Supreme Court did not contain proper assignments of error, Hines failed to comply with Rule 5:17(c). Thus, the petition was not "properly filed," and no time tolled for the appeal to the Virginia Supreme Court.

Furthermore, there are no grounds for equitable tolling in this case. In order to establish equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" U.S. v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)(en banc), cert. denied, 541 U.S. 905 (2004)). In particular, "[m]isconceptions about the operation of the statute of limitations is neither extraordinary nor a circumstance external to [a petitioner's] control." Id. Thus, even if Hines had believed that the statute of limitations had tolled during his petition for appeal to the Virginia Supreme Court,[1] this misconception regarding the operation of the statute of limitations is insufficient to invoke equitable tolling.

In sum, Hines's conviction became final on April 7, 2006. His state habeas petition tolled the statute of limitations 288 days, which extended the deadline for filing the federal habeas petition

---

[1] It should be noted that if the time from the petition for appeal to the Virginia Supreme Court had tolled, Hines's petition to this Court would have been timely filed.

until January 17, 2008. Hines filed the federal petition on February 19, 2008. Therefore, the federal petition is time-barred by 28 U.S.C. § 2244(d)(2), and this Court cannot reach the merits of Hines's claims.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Respondent's Motion to Dismiss be GRANTED, and Hines's Petition for Writ of Habeas Corpus be DENIED.

Hines has failed to demonstrate "a substantial showing of the denial of a constitutional right," and therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 326 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and

recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia

December 18, 2008

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Derrick Sean Hines, #345193
Wallens Ridge State Prison
P.O. Box 759
Big Stone Gap, Virginia 24219

Kathleen Beatty Martin, Esq.
Office of Attorney General
900 East Main Street
Richmond, Virginia  23219

Fernando Galindo, Clerk

By _____
Clerk of the Court

December 18, 2008